The National Bank of Commerce *et al.* v. R. B. Shumway, *as Assignee of the Bank of Lyons.*

Assignment for Benefit of Creditors, *Not Void.* There were seven directors of a bank organized under the laws of the state. On account of the bank being insolvent, the exigency demanded immediate action to save the property and to save expense. Three of the directors were non-residents. S., one of them, had sold his stock, and had done nothing with the bank for several years. G., one of the directors, was traveling, and his whereabouts unknown. The third, W., lived in another state, but was inaccessible for immediate notice. Neither of the three absent directors could be reached by notice of the meeting of the directors in time to attend the same. The four remaining directors, being a quorum, called a meeting of the board of directors, and passed a resolution authorizing the president and secretary of the bank to assign all of its property to W. T. N., for the benefit of its creditors, after which a deed of assignment was executed in due form and properly filed. Subsequently, two of the absent directors, G. and W., recognized the assignment by attending and participating in the election of an assignee, as provided by the law. Neither the bank, as a corporation, nor any director, objected to the assignment. *Held,* That, under all the circumstances, the deed of assignment cannot be declared to be wholly void.

*Original Proceeding in Mandamus.*

On the 16th day of September, 1891, in accordance with a resolution of a majority of the board of directors of the Bank of Lyons, of Lyons, Rice county, the bank, through its president and secretary, executed and delivered to W. T. Nichols its general deed of assignment ·for the benefit of all its creditors. The deed of assignment was filed in the office of the register of deeds of Rice county. W. T. Nichols accepted the trust, and took possession of the property and assets of the bank, and held the same until the election of the general assignee, R. B. Shumway. He qualified as assignee, and immediately entered upon the discharge of the duties of his trust. Subsequently, the National Bank of Commerce, and other creditors, had their claims adjusted and allowed for large amounts, but, after the adjustment and al-

lowance of these claims, Shumway, the assignee, without any good or sufficient reason, declined and refused to exhibit to the National Bank of Commerce and to other creditors the condition of the assets of the Bank of Lyons, and refuses ·to permit them to make any examination of the assets, books, records, etc. An alternative writ of *mandamus* was issued on April 29, 1892, requiring Shumway, as such assignee, to proceed to the discharge of his duties, and to compel him to exhibit to the creditors the condition of the assets, under the assignment, and to permit the creditors to make an examination of the books, records, etc., or to show cause for his refusing so to do.

On May 5, 1892, R. B. Shumway, the assignee, filed his return to the alternative writ, claiming, among other things, that the deed of assignment was null and void, because no notice was given to all of the directors of the bank of the called meeting of the 16th of September, 1891, at which meeting the officers of the bank were directed to make the assignment, and also because the deed of assignment was never subsequently authorized, ratified or confirmed by any lawful meeting of the board of directors of the bank. To the return of the assignee, the plaintiffs filed a demurrer. Other facts are stated in the opinion herein, handed down during the session of the court in July, 1892.

*Jones & Jones*, and *Elijah Robinson*, for plaintiffs. No brief on file.

*A. M. Lasley*, and *C. F. Foley*, for defendant. No brief on file.

The opinion of the court was delivered by

HORTON, C. J.: The charter of the Bank of Lyons provided for seven directors, and those who had been elected directors were Bell, Porter, Deupree, Stiner, (all residents of the state,) Grey, Webb, and Slatten. Slatten lived in Missouri, and sold his stock in 1888 or 1889, and had nothing to do with the bank subsequent to that time. Grey was, at the

time of the assignment, traveling in New Jersey, his where-abouts not being known.   Webb lived on a farm, some dis-tance from Bethany, in Harrison county, Missouri, and had not been in the state of Kansas or participated in the man-agement of the bank since 1888.   Bell, as president, and Porter, as cashier, had had the exclusive management of the affairs of the bank for two or three years, and this with the knowledge and presumably with the consent of the board of directors.   The four resident directors, namely, Bell, the president, Porter, the cashier, Deupree, and Stiner, met to-gether on the afternoon of the 16th of September, 1891, at the request of the cashier, for the purpose of discussing the condition of the bank and determining what should be done. The bank was then insolvent.   Seeing that any further efforts to conduct the business of the bank would be futile, they unanimously adopted a resolution directing the president and secretary to make the deed of assignment, which they did, executing the same in due form and attesting it by the com-mon seal of the corporation.   No notice of the meeting was given to Webb, Grey, or Slatten, but both Webb and Grey subsequently participated in the meeting of creditors and the election of R. B. Shumway as assignee.

The principal question for determination in this case is, whether the deed of assignment executed by the president and secretary of the Bank of Lyons to R. B. Shumway for the benefit of its creditors is wholly void.   The general rule is, that the directors of a bank or other corporation have no implied authority to act singly; they can act only as a board.   It is also the general rule, that where no provision is made in the statute, or in the by-laws of a bank or cor-poration, for the notice required for regular meetings of the directors, or the mode of calling special meetings, all meet-ings must be called by special notice, to be given to each director. (Beach, Priv. Corp., §§ 279–283; *Railway Co. v. Comm'rs of Anderson Co.*, 16 Kas. 302; *Scott v. Paulen*, 15 id. 162; *Aikman v. School District*, 27 id. 129; *National Bank v. Drake*, 35 id. 564.)

Under all the circumstances of this case, however, we cannot declare the deed of assignment invalid because the directors Grey, Webb and Slatten were not notified of the meeting of September 16, 1891. They were all outside of the state; they were beyond the reach of any notice that would be beneficial; they were really inaccessible. Slatten had sold his stock, and had taken no part in the management of the bank for several years. Grey's whereabouts were unknown. Webb lived in Missouri, but had not participated in the management of the bank for several years. If an effort had been made to give each of these directors notice, it would have been going through a form, without accomplishing anything. It is not usually necessary to do a vain or useless thing. At the time of the assignment, the assets of the bank were not sufficient to satisfy all demands against it in full. In such cases, the courts always proceed upon the principle that equality is equity, and, if possible, of apportioning the property *pro rata* among all the creditors. If the bank had continued its business and received deposits after the 16th of September, its officers would have been guilty of an offense under the statute. If the bank had closed its doors on the 16th of September without any assignment, its assets would have been attached and sacrificed. The courts favor an equal distribution of assets when a party or corporation is insolvent. Unless the resident directors had acted promptly, they could not have acted at all. There was not time to properly serve notices upon the absent directors. A majority of the directors were present at the meeting and acted; they acted unanimously and in the interest of the bank, and for the benefit of all of its creditors and stockholders. Subsequently the two absent directors, Grey and Webb, recognized the assignment by participating in the meeting of the creditors and assisting in electing the assignee. Slatten, having no stock or no interest in the bank, seems indifferent. He has taken no exception to the assignment. The bank, as a corporation, makes no objection to the assignment; therefore we think that the assignee, having been properly selected by the

creditors of the bank, and having taken charge of its assets and property, should proceed to discharge his duties as such assignee and comply with the law.

A similar case is decided in *Chase v. Tuttle*, 55 Conn. 455. In that case two of the directors, by reason of being absent from the state, did not receive the notification of the meeting. A sufficient number, however, received notice and attended the meeting to constitute a quorum; and, under the circumstances, the court declared that it would seem unreasonable to hold that a majority of the whole number, being present, could not do a legal act binding the corporation. The exigency demanded immediate action, to save the property and to save expense. It is easy to see how disastrous might be the consequences were we to adopt the principle contended for by the defendants. The situation of the absent directors might be much more remote and inaccessible than in the present case, requiring several months to reach them by actual notice. Must the corporation remain paralyzed all this time, without ability to protect itself? (See also *Halifax Sugar Refining Co. v. Francklyn* [Ch. Div. 1890], 8 Rly. & Corp. L. J. 91–93; *Edgerly v. Emerson*, 23 N. H. 555; *Bank v. Flour Co.*, 41 Ohio St. 552.)

The demurrer will be sustained, and the peremptory writ of *mandamus* will be issued as prayed for.

All the Justices concurring.